| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL VI | | |
| CARMEN M. ROJAS NIEVES<br><br>Peticionaria<br><br>V.<br><br>ISIDRO RODRÍGUEZ DE LA CRUZ<br><br>Recurrido | KLCE202400237 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Civil Núm.: CA2024RF00021<br><br>Sobre:<br>Divorcio<br>(Ruptura Irreparable) |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres, la Jueza Rivera Pérez y el Juez Campos Pérez

Rivera Pérez, Jueza ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 5 de marzo de 2024.

Comparece la parte peticionaria, Carmen M. Rojas Nieves (en adelante, Sra. Rojas Nieves o parte peticionaria), mediante un recurso de *Certiorari* y nos solicita que revisemos la *Orden* emitida el 17 de enero de 2024 y notificada el 18 de enero de 2024 por el Tribunal de Primera Instancia, Sala Superior de Carolina (en adelante, TPI). Mediante este dictamen, el TPI declaró "no ha lugar" una *Moción para Emplazar por Medio de Edictos* presentada por la parte peticionaria.

Por los fundamentos que expondremos, se deniega la expedición del presente recurso de *Certiorari*.

### I.

El 11 de enero de 2024, la Sra. Rojas Nieves presentó una *Demanda* sobre divorcio por ruptura irreparable en contra del Sr. Isidro Rodríguez De La Cruz (en adelante, Sr. Rodríguez).[1] En síntesis, la Sra. Rojas Nieves alegó que contrajo matrimonio con el

---

[1] Apéndice del *Certiorari*, a las págs. 1-4.

Número Identificador

RES2024_____

Sr. Rodríguez el 12 de noviembre de 1994 y que desde o antes del 2002 no han tenido comunicación, por lo que solicitó que se disolviera el vínculo matrimonial habido entre las partes.

En lo pertinente a la controversia ante nuestra consideración, la Sra. Rojas Nieves alegó en la demanda que desconocía la dirección actual del Sr. Rodríguez, que sólo tenía conocimiento de que este vivía en la República Dominicana, y que la última dirección conocida del Sr. Rodríguez era su propia dirección física, ya que este convivía con ella antes de mudarse a la República Dominicana.

Ese mismo día, la Sra. Rojas Nieves presentó *Moción para Emplazar por Medio de Edictos*.[2] En la moción, la Sra. Rojas Nieves señaló que sometió una declaración jurada en donde afirmó que tenía conocimiento de que el Sr. Rodríguez vivía en la República Dominicana; y que la última dirección física conocida del Sr. Rodríguez era la misma dirección residencial de la parte peticionaria, ya que ambos convivieron en dicha residencia antes de que el Sr. Rodríguez se fuera a la República Dominicana.[3] Finalmente, solicitó que se autorizara emplazar por edicto al Sr. Rodríguez, que se expidiera la orden correspondiente, y que se le eximiera del envío de la copia de la demanda debido a que la última dirección conocida era la misma dirección donde residía la parte peticionaria.

Así las cosas, el 17 de enero de 2024, el TPI dictaminó una *Orden* en relación con la moción para emplazar por edicto

---

[2] Apéndice del *Certiorari*, a las págs. 7-9.

[3] *Íd*. La *Affidavit de Mérito para Emplazar por Medio de Edicto* se acompañó con *la Moción para Emplazar por Medio de Edictos*. En lo pertinente, la Sra. Rojas Nieves declaró lo siguiente en dicha declaración jurada:

"[...]

3.Aunque desconozco el paradero de la parte peticionada ISIDRO RODRÍGUEZ DE LA CRUZ, tengo conocimiento que este vive en la REPÚBLICA DOMINICANA. La última dirección conocida de la parte peticionada es mi dirección física ya que este convivía conmigo antes de mudarse a la República Dominicana [...].

4.La parte peticionada es parte necesaria e indispensable en el presente caso.

5.Esta declaración la hago de buena fe a los efectos de que este la presente petición y para que así conste juro la presente".

presentada por la parte peticionaria.[4]  En específico, dicho foro expresó lo siguiente:

> No ha lugar. El affidavit de mérito dice por un lado que desconoce el paradero. Por otro lado[,] indica que vive en la República Dominicana sin proveer dirección certera alguna de donde vive. Finalmente, provee una dirección de Puerto Rico donde residía con la peticionaria mientras [vivían] juntos como parte de su relación matrimonial, dirección en la cual no reside en la actualidad, ya que según alega vive en la [República] Dominicana. No se cumple con lo dispuesto en la jurisprudencia. Proceda a emplazar cumpliendo con la Regla 4.6 de Procedimiento Civil.

El 22 de enero de 2024, la Sra. Rojas Nieves presentó *Moción de Reconsideración para Emplazar por Edicto*.[5] En la misma, la parte peticionaria expresó que conforme a la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6, se podía autorizar el emplazamiento por edicto cuando la parte a ser emplaza reside fuera de Puerto Rico. Señaló que en este caso la Sra. Rojas Nieves desconocía la dirección del Sr. Rodríguez en la República Dominicana, ya que este último se fue sin aviso, que no tenía ninguna comunicación con el Sr. Rodríguez desde hace más de veinte (20) años, por lo cual no tenía forma de localizarlo. Añadió, además, que no tenía vínculos con los familiares del Sr. Rodríguez para corroborar su dirección actual en la República Dominicana. Por tanto, la parte peticionaria le solicitó al TPI que reconsiderada su determinación y que la eximiera de enviar copia del edicto y de la demanda al Sr. Rodríguez a la última dirección conocida. El 25 de enero de 2024, el TPI declaró "no ha lugar" a lo solicitado por la parte peticionaria.[6]

Inconforme con la determinación del TPI, la parte peticionaria acudió ante nos el 27 de febrero de 2024 mediante el presente recurso de *Certiorari*, en el cual señala la comisión por el TPI del siguiente error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, SALA DE CAROLINA, AL DECLARAR NO HA LUGAR LA SOLICITUD DE EMPLAZAR MEDIANTE EDICTO,

---

[4] Apéndice del *Certiorari*, a las págs. 11-12.
[5] Apéndice del *Certiorari*, a las págs. 13-14.
[6] Apéndice del *Certiorari*, a la pág. 15.

ESTANDO LA PARTE DEMANDADA FUERA DE LA JURISDICCIÓN DE PUERTO RICO.

Examinado el presente recurso, procedemos a disponer del mismo sin necesidad de ulterior trámite, conforme lo autoriza la Regla 7(B)(5) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 7(B)(5).

**II.**

**A.**

El recurso de *certiorari* es "un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). Véase, además, *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). En el ámbito judicial, el concepto discreción "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho." *IG Builders et al. v. BBVAPR*, supra, pág. 338. La discreción, "es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, 211 DPR ___ (2023); *800 Ponce de León v. AIG*, supra, a la pág. 174.

En el caso particular del Tribunal de Apelaciones, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita los asuntos interlocutorios que podemos revisar mediante un recurso de *certiorari*, bajo el entendimiento de que estos pueden esperar hasta la conclusión del caso para ser revisados en apelación. *IG Builders et al. v. BBVAPR*, supra, pág. 337. Al respecto, la Regla 52.1 de Procedimiento Civil, *supra*, dispone específicamente que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de

Procedimiento Civil, 32 LPRA Ap. V, R. 56 y 57, o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. *Íd.* Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

A su vez, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que el Tribunal de Apelaciones deberá tomar en consideración al determinar si procede la expedición de un recurso de *certiorari* o de una orden de mostrar causa. Estos son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

La precitada regla mandata que, como foro apelativo, evaluemos si alguna de las instancias enumeradas anteriormente es

de aplicación a la petición de *certiorari*. De alguna estar presente, podemos ejercer nuestra discreción e intervenir con el dictamen recurrido. Por el contrario, estaremos impedidos de expedir el auto, y por lo tanto deberá prevalecer la determinación del foro recurrido. Los criterios antes transcritos sirven de guía para poder determinar, de manera sabia y prudente, si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra el caso. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008).

De ordinario, los tribunales apelativos no debemos intervenir con las decisiones discrecionales de un Tribunal de Primera Instancia a menos que se demuestre que dicho foro incurrió en un abuso de discreción, y que nuestra intervención evitaría un perjuicio sustancial. *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013). En todo caso, el criterio rector al momento de evaluar si un tribunal ha abusado de su discreción es la razonabilidad de la determinación impugnada, y su fundamento en un sentido llano de justicia. *Id.,* págs. 434-435.

**B.**

El emplazamiento es el mecanismo procesal que permite al tribunal adquirir jurisdicción sobre el demandado, de forma tal que este quede obligado por el dictamen que finalmente emita. *Torres Zayas v. Montano Gómez et als.,* 199 DPR 458, 467 (2017); *Cirino González v. Adm. Corrección et al.,* 190 DPR 14, 30 (2014); *Márquez v. Barreto,* 143 DPR 137, 142 (1997). El emplazamiento diligenciado conforme a derecho es principio esencial del debido proceso de ley. El mismo tiene el propósito de notificarle al demandado que se ha incoado una acción judicial en su contra, para así garantizarle su derecho a ser oído y a defenderse. *Torres Zayas v. Montano Gómez et als.,* supra, pág. 467; *Banco Popular v. S.L.G. Negrón,* 164 DPR 855, 863 (2005); *Bco. Central Corp. v. Capitol Plaza, Inc.,* 135 DPR 760, 763 (1994). Asimismo, el emplazamiento representa el paso

inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial. *Medina v. Medina,* 161 DPR 806 (2004). Por tal razón, se requiere una estricta adhesión a sus requerimientos. *Banco Popular v. S.L.G. Negrón,* supra.

El emplazamiento constituye la relación procesal y le confiere jurisdicción al tribunal sobre el demandado. R. Hernández Colón, *Práctica jurídica de Puerto Rico: Derecho Procesal Civil*, 5ta ed., San Juan, Ed. LexisNexis de Puerto Rico, Inc., 2010, pág. 222. Por consiguiente, un demandado tiene derecho a ser emplazado conforme a derecho. *Sánchez Rivera v. Malavé Rivera,* 192 DPR 854, 869 (2015). Con el emplazamiento, una persona se convierte en parte oficialmente y solo se le requiere tomar acción en dicha capacidad una vez es emplazada. J. A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Ed. Publicaciones JTS, 2011, T. I, pág. 298.

Aunque el diligenciamiento personal del emplazamiento es el método más idóneo, por vía de excepción, la Regla 4.6 de Procedimiento Civil, *supra,* permite el emplazamiento por edicto. *Banco Popular v. S.L.G. Negrón,* supra, pág. 865. En caso de que una persona a ser emplazada se encuentre fuera del país, se oculte, o no sea posible localizarla a pesar de haberse realizado las diligencias necesarias, la Regla 4.6 de Procedimiento Civil, *supra,* permite el emplazamiento por edicto, previa autorización del tribunal. Así, el edicto constituye un modo alterno para notificar la demanda sin incumplir con las salvaguardas del derecho al debido proceso de ley. *Rodríguez v. Nasrallah,* 118 DPR 93, 99 (1986).

Según dispone el inciso (b) de la Regla 4.6 de Procedimiento Civil, *supra,* el edicto debe tener la siguiente información:

(1) Título—Emplazamiento por Edicto

(2) Sala del Tribunal de Primera Instancia

(3) Número del caso

(4) Nombre de la parte demandante

(5) Nombre de la parte demandada a emplazarse

(6) Naturaleza del pleito

(7) Nombre, dirección y teléfono del abogado o abogada de la parte demandante

(8) Nombre de la persona que expidió el edicto

(9) Fecha de expedición

(10) Término dentro del cual la persona así emplazada deberá contestar la demanda, según se dispone en la Regla 10.1 de Procedimiento Civil, y la advertencia a los efectos de que, si no contesta la demanda presentando el original de la contestación ante el tribunal correspondiente, con copia a la parte demandante, se le anotará la rebeldía y se dictará sentencia para conceder el remedio solicitado sin más citarle ni oírle. El edicto identificará con letra negrilla tamaño diez (10) puntos toda primera mención de persona natural o jurídica que se mencione en éste.

El Tribunal Supremo de Puerto Rico en los casos en que la persona a ser emplazada por edicto se encuentra fuera de Puerto Rico ha expresado lo siguiente:

> **En los casos en que el demandado se encuentre fuera de Puerto Rico y la parte demandante ignora la dirección del demandado fuera de Puerto Rico, se exige prueba de las diligencias específicas para localizar al demandado antes de expedir el emplazamiento por edicto y relevar al demandante del envío por correo de los documentos pertinentes. Por el contrario, cuando el demandado se encuentra fuera de Puerto Rico, y al demandante le consta el lugar específico donde éste se encuentra y así lo informa al tribunal, no se requiere la comprobación de diligencias vigorosas y honesto esfuerzo para citarle personalmente, y es compulsorio el envío por correo certificado con acuse de recibo de la copia de la demanda, la orden para emplazar mediante edictos y el edicto mismo**. *Rivera v. Jaume*, 157 DPR 562, 576–577 (2002).

El que solicite la autorización del Tribunal para expedir los emplazamientos por edicto, debe establecer que tiene una reclamación válida que justifica la concesión de un remedio contra la persona a ser emplazada. Además, **debe acompañar la petición con una declaración jurada en la que consten todas las gestiones infructuosas que realizó para diligenciar el emplazamiento personal**. Asimismo, ha expresado el tratadista Rafael Hernández Colón que: "[a]l exponer que el demandado se encuentra fuera de

Puerto Rico o que se oculta, **es necesario explicar detalladamente de dónde surge el conocimiento del demandante sobre los hechos y hay que expresar con exactitud todas las gestiones que se hayan realizado para localizar al demandado**". R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, págs. 269–270, citado en *Sánchez Ruiz v. Higuera Pérez et al.*, 203 DPR 982, 989 (2020). Cuando el Tribunal tenga ante sí una petición de dicha naturaleza, deberá asegurarse de que sea suficiente en derecho, de modo que produzca el convencimiento judicial necesario. *Pagán v. Rivera Burgos,* 113 DPR 750, 755 (1983). En ausencia de dicha declaración jurada, no es posible autorizar el emplazamiento por edicto, pues no se satisface el requisito de comprobación judicial que dispone la Regla 4.5, ahora 4.6 de Procedimiento Civil para ello. *Reyes v. Oriental Fed. Savs. Bank,* 133 DPR 15, 25 (1993).

Nuestro Tribunal Supremo de Puerto Rico ha resuelto que, la declaración jurada que acredita las diligencias realizadas para citar al demandado personalmente debe expresar hechos específicos y no meras conclusiones o generalidades. *Sánchez Ruíz v. Higueras Pérez,* supra; *Reyes v. Oriental Fed. Savs. Bank,* supra, pág. 25. De este modo, se deben incluir las personas con quienes se investigó y su dirección. *Global v. Salaam,* 164 DPR 474, 482 (2005). Además, se ha indicado que es una buena práctica "inquirir de las autoridades de la comunidad, la policía, el alcalde, del administrador de correos que son las personas más llamadas a conocer la residencia o el paradero de las personas que viven en la comunidad". *Sánchez Ruíz v. Higueras Pérez et al.*, supra, a la pág. 987. Debemos señalar también que, entre las diligencias acreditadas en la declaración jurada para solicitar emplazamiento por edicto en el caso de *Sánchez Ruíz v. Higueras Pérez et al.*, supra, se encuentran búsquedas en Google, Twitter y Facebook, las cuales,

como parte de otras diligencias, fueron suficientes para nuestro más alto foro para expedir el emplazamiento por edicto. "Al evaluar la suficiencia de tales diligencias, el tribunal deberá tener en cuenta todos los recursos razonablemente accesibles al demandante para intentar hallar al demandado y si se ha agotado toda posibilidad razonable disponible al demandante para poder localizarlo". *Id.*, a la pág. 988.

Luego de autorizado el emplazamiento por edicto, el demandante procurará la publicación del edicto en un periódico de circulación general en Puerto Rico y dentro de los diez (10) días luego de publicado el edicto, dirigirá a la parte demandada copia de la demanda y del emplazamiento, mediante correo certificado con acuse de recibo a su última dirección conocida. Regla 4.6(a) de Procedimiento Civil, *supra.* Dichos requisitos deben observarse estrictamente. *Reyes v. Oriental Fed. Savs. Bank,* supra, a la pág. 24. De lo contrario, el tribunal carece de jurisdicción sobre la persona del demandado. *Banco Popular v. S.L.G. Negrón,* supra, pág. 866.

### III.

En su recurso de *Certiorari,* la parte peticionaria señala que erró el TPI "al declarar no ha lugar la solicitud de emplazar mediante edicto, estando la parte demandada fuera de la jurisdicción de Puerto Rico".

Según reseñamos, en el caso antes nos, la parte peticionaria presentó una *Moción para Emplazar por Medio de Edictos* acompañada de una declaración jurada en la cual no constaban de forma detallada las gestiones realizadas para emplazar al Sr. Rodríguez. El TPI emitió una *Orden* declarando "no ha lugar" la referida moción por la falta de acreditación de las gestiones, conforme exige la Regla 4.6 de Procedimiento Civil, *supra.*

De conformidad a lo dispuesto en la Regla 4.6 de Procedimiento Civil, *supra*, y su jurisprudencia interpretativa, en el caso ante nuestra consideración procedía acreditar en la declaración jurada que acompaña la solicitud para emplazar por edicto las gestiones realizadas por la parte peticionaria.

Evaluado el presente recurso, determinamos que no nos encontramos bajo alguna de las instancias contempladas en la Regla 52.1 de Procedimiento Civil, *supra*, y la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, que nos permita intervenir con el dictamen recurrido. Ante la ausencia de perjuicio, pasión, parcialidad y error de derecho no procede la expedición del recurso de *certiorari*.

Por lo tanto, determinamos que no se amerita nuestra intervención en esta etapa de los procedimientos y, en consecuencia, procedemos a conferirle deferencia al foro recurrido.

**IV.**

Por los fundamentos antes expuestos, denegamos la expedición del auto de *Certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal. El Juez Rivera Torres emite el siguiente Voto Particular de Conformidad: El Juez Rivera Torres está conforme con la determinación debido a que, en este caso en particular, la parte demandante desconoce el lugar específico de la República Dominicana en donde se encuentra el demandado.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones